# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 21-0113V

---

ALEXANDRA BOYD,

                  Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                  Respondent.

Chief Special Master Corcoran

Filed: April 29, 2024

---

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Jamica Marie Littles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 6, 2021, Alexandra Boyd filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table shoulder injury related to vaccine administration as a result of receiving a Hepatitis A vaccine on November 20, 2019. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 12, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On April 29, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $127,506.03, representing $125,000.00 in pain and suffering and $2,506.03 in past unreimbursable expenses. Proffer at 1-2. Respondent also proffers that Petitioner should be awarded $9,937.56, to satisfy the State of Massachusetts Medicaid lien. *Id.* at 2. In the Proffer, Respondent

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A.  **A lump sum payment of $127,506.03 (representing $125,000.00 for pain and suffering and $2,506.03 in past unreimbursable expenses) in the form of a check payable to Petitioner; and**

B.  **A lump sum payment of $9,937.56, representing compensation for satisfaction of the State of Massachusetts Medicaid lien, in the form of a check payable jointly to Petitioner and:**

> **The Rawlings Company, LLC**
> **Attn: Kayla Wise**
> **P.O. Box 2000**
> **La Grange, KY 40031**
> **Re: Alexandra Boyd – #22TPM0700022**

Petitioner agrees to endorse the check to The Rawlings Company, LLC, for satisfaction of the Medicaid lien. These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| _____ )<br>ALEXANDRA BOYD, )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>SECRETARY OF HEALTH )<br>AND HUMAN SERVICES, )<br> )<br>Respondent. )<br>_____ ) | No. 21-113V<br>Chief Special Master Corcoran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 12, 2023, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 to -34, that is, a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. *See* ECF No. 33. Accordingly, on the same day, the Chief Special Master issued a Ruling on Entitlement. ECF No. 34.

## I.   Items of Compensation

A.   Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded **$125,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of **$2,506.03**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

      C.    <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of Massachusetts Medicaid lien in the amount of **$9,937.56**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Massachusetts may have against any individual as a result of any Medicaid payments the State of Massachusetts has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about November 20, 2019 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.**    **<u>Form of the Award</u>**

The parties recommend that compensation should be provided to petitioner through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

      A.    A lump sum payment of **$127,506.03** in the form of a check payable to petitioner; and

      B.    A lump sum payment of **$9,937.56**, representing compensation for satisfaction of the State of Massachusetts Medicaid lien, in the form of a check payable jointly to petitioner and:

                        The Rawlings Company, LLC
                        Attn: Kayla Wise
                        P.O. Box 2000
                        La Grange, KY 40031
                        Re: Alexandra Boyd – #22TPM0700022

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

Petitioner agrees to endorse the check to The Rawlings Company, LLC, for satisfaction of the Medicaid lien.  Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

/s/ *Jamica M. Littles*
JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-4014

DATED:  April 29, 2024

3